UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH A.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-6628 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| ANDREW M. SAUL, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMDORANDUM OPINION AND ORDER

Plaintiff Deborah A. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"), 42 U.S.C. §§ 416(i), 423, and Supplemental Security Income ("SSI"), 42 U.S.C. §§ 1381a, 1382c. The Commissioner has filed a motion for summary judgment asking the Court to affirm the Administrative Law Judge's ("ALJ") decision and Deborah filed a motion to reverse the ALJ's decision. After careful review of the record and the parties' respective arguments, the Court concludes that substantial evidence supports the ALJ's residual functional capacity assessment and the ALJ reasonably assessed the medical opinions that Deborah specifically challenges. The Court therefore denies Deborah's motion to reverse and grants the Commissioner's motion.

### I.  Background

Deborah filed an application for benefits on August 15, 2016, alleging a disability onset date of May 29, 2015. Deborah was 61 years old when she filed her application. At the time she stopped

---

[1] Northern District of Illinois Internal Operating Procedure 22 prohibits listing the full name of the Social Security applicant in an opinion. Therefore, the plaintiff shall be listed using only their first name and the first initial of their last name.

working, Deborah was a prosecuting attorney. Her application for benefits was denied initially and upon reconsideration. Deborah then requested a hearing before an ALJ, which was held on July 17, 2018. At the hearing, a vocational expert testified, along with Deborah. On November 14, 2018, the ALJ issued a decision denying Deborah's applications. The Appeals Council then declined review, leaving the ALJ's November 2018 decision as the Commissioner's final decision reviewable by this Court under 42 U.S.C. § 405(g).

## II.     Legal Standard

Courts uphold an ALJ's disability determination if the ALJ uses the correct legal standards, the decision is supported by substantial evidence, and the ALJ builds an accurate and a logical bridge from the evidence to the conclusion. *Jeske v. Saul,* 955 F.3d 583, 587 (7th Cir. 2020); 42 U.S.C. § 405(g). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Surprise v. Saul*, 968 F.3d 658, 662 (7th Cir. 2020) (citation omitted). A federal court's review of an ALJ's decision is deferential, which means that courts do not reweigh the evidence or substitute their judgment for that of the ALJ. *Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019).

## III.     Analysis

*Disability Determination Standard*

A person is disabled under the Social Security Act if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration has set forth a five-step sequential evaluation for determining whether an individual is disabled. *Krell v. Saul*, 931 F.3d 582, 584 (7th Cir. 2019). This evaluation considers whether (1) the claimant has engaged in substantial gainful activity during the period for which she claims disability;

(2) the claimant has a severe impairment or combination of impairments; (3) the claimant's severe impairment or combination of impairments is one that the Commissioner considers conclusively disabling as enumerated in the regulations; (4) if the claimant does not have a conclusively disabling impairment, whether she can perform past relevant work; and (5) the claimant is capable of performing any work in the national economy. 20 C.F.R. § 404.1520.

The ALJ reached the fourth step of the evaluation and found that Deborah did not have a conclusively disabling impairment and could perform past relevant work. "Past relevant work" is work done within the last 15 years, that was substantial gainful activity, and that lasted a sufficient time to learn to do it. 20 C.F.R. § 404.1560(b)(1). The ALJ agreed with the vocational expert that Deborah could perform her past relevant work as a prosecuting attorney, both generally and as she actually performed it. Tr. 26. Deborah challenges this determination and claims that the ALJ erred in not taking Deborah's mild mental limitations into account in her RFC[2] finding. Deborah appears concerned that (1) the ALJ's discussion of mental limitations is not explicitly referenced in the RFC finding within the report and (2) that her mild mental limitations preclude her ability to work. The Court disagrees on both accounts.

First, the ALJ's report clearly discusses Deborah's mental limitations in detail. Tr. 16-18. The ALJ also re-addresses potential mental limitations in the RFC finding within the report, noting that the facts show Deborah "did not have any significant mental issues that would interfere with her functioning beyond a minimal degree." Tr. 23. Deborah cites to 20 C.F.R. § 404.1523 and § 404.1545(a)(2) in claiming that the ALJ must consider limitations caused by even non-severe impairments. § 404.1545(a)(2) states that judges "will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not

---

[2] Residual functional capacity.

'severe' as explained in §§ 404.1520(c), 404.1521, and 404.1523." § 404.1520(c) clearly states that claimants are not disabled if they do not have a singular severe impairment or combination of impairments that significantly limits their physical or mental ability to do basic work activities. Similarly, § 404.1523(c) provides that judges "will determine that you are not disabled" if they "do not find that you have a medically severe combination of impairments." As such, plaintiff is mistaken; the ALJ does not need to account for all non-severe impairments. Rather, the ALJ must account for either individually severe impairments or a medically severe combination of impairments. The ALJ has done so. She clearly evaluated all mental impairments and found that there was no severe impairment or combination of impairments that is severe. *See* Tr. 16-18.

Second, the ALJ's determination that Deborah's mild limitations would not preclude her from work is supported by relevant evidence that a reasonable person could accept as adequate to support her conclusion. She noted (and the record supports) that Deborah herself denied having memory problems, sometimes takes care of grandchildren, can use public transportation, gets along with others, can cook for herself, shops for herself, participates in activities requiring concentration, takes international trips, and has no problems with personal care. Tr. 17; *see also* Tr. 53-60 (Deborah's testimony about taking a class at the Lifelong Learning Institute, writing for the class, cooking, doing housekeeping, traveling recently to Mexico, D.C., Shawnee National Forest, Israel, Canada, New York, and Cleveland, and reading for hours at a time). As defendant notes, Deborah failed to specifically identify how any of her claimed mental limitations would specifically affect her work as a prosecuting attorney. *See Kuykendoll v. Saul*, 801 F. App'x 433, 438 (7th Cir. 2020).

*Evaluations of Medical Opinions*

Deborah argues that the ALJ erred in giving non-examining doctors great weight and giving treating doctors (Dr. Narayanan and Dr. Blumen) little weight. While treating doctors are generally given deference, courts uphold an ALJ's decision unless the reasons for discounting the treating

4

doctor are "patently erroneous." *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015). Further, judges are not required to give great weight to treating physicians if the physicians' opinions are inconsistent with the record or if the claimant's symptoms improve with treatment. *Kuykendoll*, 801 F. App'x at 437. The treating doctors in this case had many issues; Dr. Narayanan's opinions were unsupported by the medical record, Dr. Blumen's opinions were internally inconsistent, and Dr. Blumen improperly opined on fields he did not have expertise in.

First, Deborah takes issue with the ALJ's description of Deborah's spells as mini seizures and argues that the ALJ should not have rejected Dr. Narayanan's opinion. But even Dr. Narayanan did not classify her symptoms as seizures. Rather, Dr. Narayanan classified them as "staring episodes"; the ALJ referred to such episodes as mini seizures because they were not classified as full seizures by plaintiff's own doctor. Tr. 337. Deborah also told her doctors that she had not had a seizure since 2014, though later claimed that she had a seizure in 2015. Tr. 40. Deborah testified that Dr. Narayanan must not have recorded the 2015 seizure. *Id.* The ALJ also noted that Deborah's dizziness, which appears to be one of the reasons Dr. Narayanan claimed Deborah could not work, improved after therapy. *See Stepp*, 795 F.3d at 718-719 (upholding an ALJ's decision to give little weight to a treating physician when the treating physician expected the claimant's condition would improve). The record also shows the dizziness occurred "on and off", Deborah often denied memory loss, and Deborah reported infrequent seizures (she frequently reported being seizure free for more than six months). Tr. 356, 365, 373, 514, 516. There is a reference to Deborah having "multiple seizures a month when she was working" and in late 2014, but Dr. Narayanan reported that Deborah's condition was "much improved" in 2015. Tr. 319, 514. Overall, the ALJ's decision to give Dr. Narayanan's opinion little weight was not patently erroneous.

Second, Deborah argues that the ALJ improperly rejected Dr. Blumen's opinion. Dr. Blumen is a general family physician. He is not a neurologist or a psychologist yet purported to

5

opine on Deborah's mental and cognitive ability to work. The ALJ's decision to give little weight to Dr. Blumen's opinion in a field he does not specialize in is not patently erroneous, especially given that the state agency doctors were psychologists. *See* 20 C.F.R. § 404.1527(c)(5) (stating that judges give more weight to medical opinions of specialists rather than non-specialists). Further, Dr. Blumen's opinion was both internally inconsistent and inconsistent with the record. He claimed that Deborah would be "unable to maintain persistence and pace to engage in competitive employment", but was only slightly impaired in her ability to perform daily living activities and would only need four 30-minute breaks in a standard 8-hour work day. Tr. 419-420. Further, Deborah's own testimony shows that she can concentrate for long periods of time. *See* Tr. 16-18. Dr. Blumen also failed to fully complete relevant questions such as "to what degree do the patient's symptoms impair his/her ability to maintain concentration, persistence or pace". Tr 422.

The ALJ was not attempting to "play doctor" and did not make her own independent medical findings. She properly evaluated the record and found the state agency doctors more credible than the treating doctors. There is also absolutely no evidence for plaintiff's theory that the only reason the ALJ gave more weight to the state agency doctors was because the ALJ wanted to deny benefits. The ALJ fairly assessed the evidence and properly noted inconsistencies in the treating sources' opinions and Dr. Blumen's lack of expertise. As the ALJ's decision to give their opinions little weight is not patently erroneous, the Court will not reverse the ALJ's finding.

6

**IV.     Conclusion**

The ALJ's findings stand.  Deborah's motion to reverse and remand is DENIED and

Commissioner's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**


Date: 12/13/2021                        Entered: _____

                                        SHARON JOHNSON COLEMAN
                                        United States District Court Judge